# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ROBERTA L. VINSON,
  Appellant,

  v.

DEPARTMENT OF THE NAVY,
  Agency.

DOCKET NUMBER
SF-0752-20-0307-I-1

DATE: October 28, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Roberta L. Vinson, San Diego, California, pro se.

Timothy J. Kuhn, Camp Pendleton, California, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed her involuntary demotion appeal for lack of jurisdiction. On petition for review, the appellant challenges a number of the administrative judge's factual findings; argues that he erroneously concluded that she failed to demonstrate that her working conditions were so intolerable as to compel a

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

reasonable person to accept the demotion and that her acceptance of the demotion was not the product of duress, coercion, and misleading statements by agency officials; and reargues that the agency engaged in discrimination and retaliation against her in connection with her demotion. She also provides a number of emails and documents for the first time with her petition for review. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.

For the reasons set forth in the initial decision, we agree with the administrative judge's finding that the appellant failed to meet her burden of making a nonfrivolous allegation[2] of Board jurisdiction over her involuntary demotion appeal. Initial Appeal File, Tab 20, Initial Decision (ID) at 16-17; *see Carey v. Department of Health & Human Services*, 112 M.S.P.R. 106, ¶ 5 (2009) (explaining that an appellant generally is entitled to a jurisdictional hearing if she raises a nonfrivolous allegation of Board jurisdiction over the appeal); *see also Bean v. U.S. Postal Service*, 120 M.S.P.R. 397, ¶¶ 7-8, 11 (2013) (observing that an employee may establish Board jurisdiction over a constructive adverse action such as an involuntary demotion by proving, among other things, that she lacked

---

[2] A nonfrivolous allegation of Board jurisdiction is an allegation of fact that, if proven, could establish that the Board has jurisdiction over the matter at issue. *Ferdon v. U.S. Postal Service*, 60 M.S.P.R. 325, 329 (1994); 5 C.F.R. § 1201.4(s).

a meaningful choice in the matter and it was the agency's wrongful actions that deprived her of that choice). We discern no basis to disturb the administrative judge's finding that the appellant failed to make a nonfrivolous allegation that her working conditions were so intolerable as to render her acceptance of the demotion involuntary or that agency personnel subjected her to duress or coercion or misinformed her in any material way regarding the demotion. ID at 9-17. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.[3] 5 C.F.R. § 1201.113(b).

---

[3] We have reviewed the emails and other exhibits the appellant provided with her petition for review and conclude that none of the exhibits are new or material. Petition for Review (PFR) File, Tab 1 at 26-78; Tabs 2-4; *see Okello v. Office of Personnel Management*, 112 M.S.P.R. 563, ¶ 10 (2009) (noting that under 5 C.F.R. § 1201.115(d), the Board will not consider evidence submitted for the first time with a petition for review absent a showing that it is both new and material); *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980). All of the dated documents predate the close of record in this case, and the appellant has not explained why she did not provide them before the record closed below, so they are not "new." PFR File, Tab 1 at 26-32, 35-62, 78; Tab 2 at 6-11; Tab 3 at 5-8; Tab 4 at 4-5; *see Avansino*, 3 M.S.P.R. at 214. The remaining exhibits include an undated and unidentified excerpt from what appears to be an agency's reasonable accommodation process guidance, a copy of a Handbook from the U.S. Forest Service, a screenshot showing the address of a Department of the Navy facility in Coronado, California, and a photograph of a roll of toilet paper. PFR File, Tab 1 at 33-34; Tab 2 at 12; Tab 3 at 4. The appellant has not identified the source for the undated excerpt or explained how it is relevant to voluntariness of her acceptance of the demotion, nor has she explained how the location of the agency's Navy facility in Coronado or the procedures outlined in the U.S. Forest Service Handbook have any bearing on the voluntariness of her decision to accept the demotion reassignment. The photograph of the toilet paper roll appears to be related to the appellant's claim that the women's restroom at her former employing agency was poorly maintained. PFR File, Tab 1 at 16-18; Tab 3 at 4. The administrative judge properly considered this argument in the context of the appellant's involuntary demotion claim but determined that her working conditions were not so intolerable as to compel a reasonable person to feel that they had no alternative but to accept the reassignment, with which we ultimately agree. *See* ID at 14, 16-17. Accordingly, the appellant has not explained how any of the provided exhibits are material to the jurisdictional matter at issue in this appeal, and we have not considered them. *See Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980).

# NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    *Gina K. Grippando*
                                  _____
                                  Gina K. Grippando
                                  Clerk of the Board

Washington, D.C.